```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TONIMARIE RHONE, on behalf of herself and all
others similarly situated,

                Plaintiff,

    -against-

ZO SKIN HEALTH, INC.,

                Defendant.
-----------------------------------------------------------------X

Case No. 1:24-cv-01121-KHP

**CONSENT DECREE**

This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between Plaintiff Tonimarie Rhone ("Plaintiff") and Zo Skin Health, Inc. ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes of this Consent Decree.

### RECITALS

1. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2. On or about February 15, 2024, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York ("Action"). Plaintiff alleges that Defendant's websites and mobile applications, including https://www.zoskinhealth.com (together, the "Website"), are not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human

Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL").

3. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, the NYSHRL, the NYSCRL, and the NYCHRL, that this Court is a proper venue, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

4. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

## JURISDICTION

5. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA, the NYSHRL, the NYSCRL, and/or the NYCHRL. Nothing in this Consent Decree shall be construed as a ruling on this issue.

6. This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

7. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

8. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

9. Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendants have used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 17 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendants to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendants operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## TERM

10. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for 36 months from the Effective Date.

## GENERAL NONDISCRIMINATION REQUIREMENTS

11. Pursuant to the terms of this Consent Decree, Defendant:

a. shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

12. Web Accessibility Conformance Timeline: Defendants shall take appropriate steps as determined to be necessary with the goal of ensuring full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and

which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

    a.    Within 24 months of the Effective Date, to the extent not already done, Defendant shall modify the Website as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Website will be accessible to persons with vision disabilities ("Modification Period"). Said modifications will address, among other issues, the specific alleged accessibility issues cited in Plaintiff's Complaint (¶ 32), as follows:

        i.    Failure of the drop-down menu to announce how many sub-menu elements are present.

        ii.    Inability to determine the purpose and function of non-interactive elements marked up as keyboard focusable which lacked the appropriate role attribute;

        iii.    Failure to provide text transcript or audio track for a silent video without providing information from the page's non-text content;

Inability to focus interactive elements with the Tab key including lack of instructions as to how to access the interactive elements using arrow keys;

        iv.    Presence of hidden elements not announced by the screen reader; and

        v.    Repetitive link texts announced separately from their context.

    b.    The Parties acknowledge that Defendant's obligations under this Consent Decree do not include substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare or control but that are linked from the Website (including, but not limited to, any

content/websites hosted by third parties and implemented on the Website). The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

    c.    In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof. If Defendants, in reasonably relying upon any of the foregoing, and despite having sought to use Reasonable Efforts, fail to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless satisfied their obligations under this Consent Decree as set forth herein regarding remediation of the Website.

    d.    The parties will provide a report to the Court regarding the completion of the required remediation within 30 days after the conclusion of the allotted 24 month period or sooner if the remediation work has been completed earlier.

## PROCEDURES IN THE EVENT OF DISPUTES

13.    The procedures set forth in Paragraphs 15 through 17 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet their obligations pursuant to this Consent Decree, or (ii) Defendants conclude that they cannot substantially comply with any

criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

14. If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. Such notification also shall be filed on ECF. The alleged breaching party must respond to such written notice of breach no later than 30 calendar days thereafter ("Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. Any resolution shall be reported to the Court via letter filed on ECF. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

15. Defendant shall not be in breach of this Consent Decree unless: (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA, in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari or Chrome, or equivalent as may exist in the future; and (b) Defendant fails to remedy the issue by seeking to use Reasonable Efforts within a reasonable period of time.

16. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

    For PLAINTIFF:    Noor A. Saab, Esq.
                                  THE LAW OFFICE OF
                                  NOOR A. SAAB, ESQ.
                                  380 North Broadway, Penthouse West
                                  Jericho, New York 11753
                                  Email: NoorASaabLaw@gmail.com
                                  Tel: 718.740.5060

    For DEFENDANT:    Peter T. Shapiro, Esq.
                                  LEWIS BRISBOIS BISGAARD & SMITH LLP
                                  77 Water Street, Suite 2100
                                  New York, NY 10005
                                  Email: Peter.Shapiro@lewisbrisbois.com
                                  Tel: 212.232.1322

## ENFORCEMENT AND OTHER PROVISIONS

17. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York and applicable federal law.

18. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

19. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

20.    This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF
Tonimarie Rhone

Dated: _____

Dated: 9/10/2024

DEFENDANT

By: _____
Drew Bordages, General Counsel

APPROVED AS TO FORM AND CONTENT:

PLAINTIFF'S LAWYERS

Dated: _____

By: *Noor A. Saab*
Noor A. Saab, Esq.
THE LAW OFFICE OF
NOOR A. SAAB, ESQ.
380 North Broadway,
Penthouse West
Jericho, New York 11753
NoorASaabLaw@gmail.com
Tel: 718.740.5060

DEFENDANT'S LAWYERS

Dated: September 5, 2024

By: /s/ Peter T. Shapiro
Peter T. Shapiro, Esq.
LEWIS BRISBOIS BISGAARD &
SMITH LLP
77 Water Street, Suite 2100
New York, NY 10005
Peter.Shapiro@lewisbrisbois.com
Tel: 212.232.1322

9

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, and the underlying facts, and having reviewed this proposed Consent Decree, FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

4) The Court shall retain jurisdiction over this matter for 36 months or, if latter, until the Court receives written notice that the objectives of the parties' settlement have been satisfied;

5) The parties shall file a letter on ECF upon satisfaction of the terms of the Consent Decree; and

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court. The matter is terminated except that the Court retains jurisdiction to enforce the terms of the parties' settlement.

SO ORDERED:

**10/10/2024**

_____
Katharine H. Parker, United States Magistrate Judge

Signature: *Tonimarie Rhone (Oct 9, 2024 13:16 EDT)*
Email: tonimarie.rhone@yahoo.com

144656911.1                                10

# Rhone v. Zo Skin - Updated Consent Decree - 9-5 (signed by defendant(146999616.1)

Final Audit Report                                                                                    2024-10-09

| | |
|---|---|
| Created: | 2024-10-09 |
| By: | noor abou-saab (saabesq@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAc7LGvk6dGF3zxMVviyeHXr00pztNEb01 |

## "Rhone v. Zo Skin - Updated Consent Decree - 9-5 (signed by defendant(146999616.1)" History

- Document created by noor abou-saab (saabesq@gmail.com)
  2024-10-09 - 4:00:09 PM GMT- IP address: 69.203.5.238

- Document emailed to Tonimarie Rhone (tonimarie.rhone@yahoo.com) for signature
  2024-10-09 - 4:00:14 PM GMT

- Email viewed by Tonimarie Rhone (tonimarie.rhone@yahoo.com)
  2024-10-09 - 5:15:21 PM GMT- IP address: 69.147.95.11

- Document e-signed by Tonimarie Rhone (tonimarie.rhone@yahoo.com)
  Signature Date: 2024-10-09 - 5:16:03 PM GMT - Time Source: server- IP address: 100.33.138.174

- Agreement completed.
  2024-10-09 - 5:16:03 PM GMT

Adobe Acrobat Sign